IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY LAMAR GREEN** | : | **CIVIL ACTION** |
| *Plaintiff-pro se* | : | |
| | : | **NO. 15-0105** |
| **v.** | : | |
| | : | |
| **DOMESTIC RELATIONS SECTION** | : | |
| **COURT OF COMMON PLEAS** | : | |
| **"COMPLIANCE UNIT"** | : | |
| **MONTGOMERY COUNTY** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    APRIL 9, 2015

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is the motion to dismiss filed by Domestic Relations Section Compliance Unit, Court of Common Pleas of Montgomery County ("Defendant") pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), which seeks the dismissal of the federal civil rights claims asserted against it based on lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. [ECF 3]. Anthony Lamar Green ("Plaintiff"), acting *pro se*, has opposed the motion. [ECF 5]. The motion to dismiss has been fully briefed and is ripe for disposition.

For the reasons stated herein, the motion to dismiss is granted.

### BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint on January 12, 2015, [ECF 1], and an amended complaint on January 28, 2015, [ECF 2], against Defendant seeking monetary compensation and other forms of relief for the alleged violation of his civil rights under 42 U.S.C. §1983 ("§1983"). Specifically, Plaintiff asserts that Defendant violated his substantive

and procedural rights to due process under the Fourteenth Amendment when Defendant misapplied various Pennsylvania Rules of Civil Procedure and spousal support guidelines in state court support proceedings to determine the amount of financial support he was required to pay his ex-wife.

On February 10, 2015, Defendant filed the instant motion to dismiss, which Plaintiff opposed. When ruling on this motion, this Court must accept, as true, all relevant factual allegations in the amended complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). These allegations, as best gleaned from Plaintiff's factually-sparse pleading, are summarized as follows:

> On July 27, 2010, Plaintiff's ex-wife filed for spousal support from Plaintiff in the Court of Common Pleas of Montgomery County. Defendant was advised by order to appear for a conference hearing on September 17, 2010, and to bring with him an income statement and appropriate expense statement.

> Plaintiff attended the scheduled support conference and provided the requested income and expense statements. At the conclusion of the conference, Melissa Johnson, a Domestic Relations Section Officer, prepared a "Summary of Trier of Fact," and recommended that Plaintiff pay monthly support in the guideline amount of $2,131.28, plus an additional $213.00 for arrears. According to Plaintiff, this recommendation failed to take into consideration his monthly expenses.

> On October 29, 2010, Plaintiff appeared before "Master" Mindy Harris, and produced the income and expense statements previously provided. Plaintiff's monthly spousal support was then reduced to $1,500.00 a month. However, according to Plaintiff, this amount failed to properly credit Plaintiff for his mortgage payment and other expenses, as required by "applicable Pennsylvania Support Rules and Guidelines" and "Pennsylvania Rule of Civil Procedure 1910.11 and 231 Pa. Code R. 1910.16-4." Plaintiff contends that by "misapplying the Pennsylvania support rules and guidelines," Defendant violated Plaintiff's substantive and procedural due process rights under the Fourteenth Amendment.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the existence of subject matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of proving

that the requisite jurisdictional requirements are met. *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "[W]hen there is a fact question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, this Court is free to consider evidence outside the pleadings, including publicly available records, to resolve factual issues bearing on the court's jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *Jiricko v. Bennett, Bricklin & Saltzburg, LLP*, 321 F.Supp.2d 636, 640 (E.D. Pa. 2004).

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the courts are required to accept the truth of a plaintiff's well-pleaded allegations while drawing reasonable inferences in a plaintiff's favor, *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

Construing the amended complaint liberally, Plaintiff asserts claims against Defendant under §1983 premised on the alleged deprivations of his substantive and procedural due process rights as a result of the entering of support orders against him that purportedly include miscalculations under the Pennsylvania spousal support guidelines. Because these claims amount to Plaintiff's challenge to state court spousal support proceedings, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to adjudicate Plaintiff's claims.[1] Consequently, Defendant's motion to dismiss is granted under Rule 12(b)(1).[2]

---

[1]     The Supreme Court laid out the principles of the doctrine in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2]     Because this Court has concluded that it lacks jurisdiction over this action, Defendant's arguments for dismissal pursuant to Rule 12(b)(6) need not be addressed.

The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction over suits that are essentially appeals from state court judgments. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine specifically bars a federal claim "if the claim was 'actually litigated' in state court or if the claim is 'inextricably intertwined' with the state adjudication." *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 210 (3d Cir. 2004). A federal claim is "inextricably intertwined" with a state adjudication when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." *Knapper v. Bankers Trust Co.*, 407 F.3d 573, 581 (3d Cir. 2005).

The Third Circuit Court of Appeals has determined that the *Rooker-Feldman* doctrine bars a federal claim in a district court where: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining*, 615 F.3d at 166 (citations omitted). Here, when considering the allegations in Plaintiff's amended complaint, these four prongs necessary to implicate the *Rooker-Feldman* doctrine are met and, thus, bar this Court's jurisdiction over this matter.

Specifically, in his amended complaint, Plaintiff seeks relief from and/or challenges various state court orders issued in 2010, arising out of spousal support proceedings brought against him by his ex-wife.[3] As pled, Plaintiff complains of injuries allegedly suffered as a

---

[3] In its motion, Defendant also argues that Plaintiff's claims are barred by the applicable two-year statute of limitations since, as pled, the claims accrued in 2010, but Plaintiff did not commence this action until 2015.

result of the issuance of the challenged support orders, and contends that the support orders were issued in contravention of applicable spousal support guidelines. Clearly, as pled, Plaintiff's federal claim is "inextricably intertwined" with the state court spousal support proceedings, as it would require this Court to "determine that the state court judgment was erroneously entered" or "take action that would negate the state court's judgment." *Knapper*, 407 F.3d at 581; *see also Desi's Pizza, Inc. v. Wilkes-Barre*, 321 F.3d 411, 421 (3d Cir. 2003). This is something this Court cannot do under the *Rooker-Feldman* doctrine. *Cf. Van Tassel v. Lawrence County Domestic Relations Sections*, 390 F.App'x 201, 203 (3d Cir. 2010) (affirming district court's dismissal of §1983 claims premised on the plaintiff's challenge to state court child support proceedings under the *Rooker-Feldman* doctrine). Plaintiff's remedy was to present his disagreement and challenge the alleged denial of his due process rights in the state action using the state appellate process, and not to seek review of the state court orders in federal court.

Plaintiff's claims against Defendant are also precluded by the Eleventh Amendment. U.S. Const., amend. XI. In general, the Eleventh Amendment precludes actions in federal court against states, state departments and agencies, and state officials acting within the scope of their official capacities. *Coleman v. Court of Appeals of Maryland*, ___ U.S. __ , 132 S.Ct. 1327, 1333 (2012); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). However, Eleventh Amendment immunity is subject to three "narrowly circumscribed" exceptions: (1) state waiver; (2) congressional abrogation; and (3) suits against individual state officers for prospective relief to end an ongoing violation of federal law. *M.A. ex rel., E.S. v. State-Operated School Dist. of Newark*, 344 F.3d 335, 344-45 (3d Cir. 2003).

None of these exceptions is met here. By statute, Pennsylvania has specifically withheld any such consent. *See* 1 Pa. C.S. §2310;[4] 42 Pa. C.S. §8521(b).[5] In addition, federal courts have repeatedly held that Congress has not abrogated Eleventh Amendment immunity to suits brought under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *Laskaris*, 661 F.2d at 25.

The third exception is also inapplicable since Plaintiff has asserted his claims against Defendant Domestic Relations Section as opposed to any individual state officers. Defendant Domestic Relations Section is a sub-unit of the Montgomery County Court of Common Pleas and, as such, is a part of the Commonwealth's unified judicial system. *See* 42 Pa. C.S. §961 ("Each court of common pleas shall have a domestic relations section . . . ."); *see also Lepre v. Lukus*, __ F.App'x __ , 2015 WL 525663, at *2 (3d Cir. Feb. 10, 2015); (affirming dismissal of §1983 claims against Susquehanna County Domestic Relations Section on Eleventh Amendment immunity grounds); *Chilcott v. Erie County Domestic Relations*, 283 F.App'x 8, 10 (3d Cir. 2008) (affirming district court's finding that the Erie County Domestic Relations Section was entitled to immunity from plaintiff's §1983 action under the Eleventh Amendment). The Third Circuit Court of Appeals has further recognized that "[t]he Commonwealth vests judicial power in a unified judicial system, and all courts and agencies of the [unified judicial system] are part

---

[4]     Section 2310 provides in relevant part:  "it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."

[5]     Section 8521(b) provides:  "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."

of the Commonwealth government rather than local entities" and that "Pennsylvania's judicial districts . . . are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 198 (3d Cir. 2008). Further, "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." *Callahan v. City of Philadelphia*, 207 F.3d 668, 674 (3d Cir. 2000). Accordingly, Defendant Domestic Relations Section is a state entity entitled to immunity under the Eleventh Amendment from Plaintiff's §1983 claims and, further, is not a "person" within the meaning of §1983.

### *Leave to Amend*

Although the Third Circuit has directed that a district court must ordinarily provide a civil rights plaintiff an opportunity to file an amended complaint where the original complaint is subject to dismissal under Rule 12(b)(6), *see Phillips*, 515 F.3d at 245 (reiterating the rule that leave to amend must be granted *sua sponte* in civil rights actions, "unless such an amendment would be inequitable or futile."), it is this Court's view that any such attempt to amend a second time would be legally futile. As discussed above, Plaintiff appears to challenge the merits of a state court support order. Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to adjudicate any such claim. In addition, were this Court to have jurisdiction, Plaintiff's claims against the Domestic Relations Section are precluded, as a matter of law, by the immunity provided by the Eleventh Amendment. Therefore, this Court finds that any attempt to amend the complaint a second time would be legally futile.

8

## CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss is granted, and Plaintiff's amended complaint is dismissed for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.